UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JASON KIM MANNERS,<br>    Plaintiff, | § § § | |
| v. | § § | C.A. NO. 6:21-CV-01272-ADA-JCM |
| GREGORY JOSEPH PENCE,<br>    Defendant. | § § § § | |

**ORDER and REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

**TO: THE HONORABLE ALAN D ALBRIGHT,
   UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Plaintiff's Motion to Proceed In Forma Pauperis (ECF No. 2) and Plaintiff's Motion to Appoint Counsel (ECF No. 3). For the following reasons, the Court **ORDERS** that Plaintiff's Motion to Proceed In Forma Pauperis be **GRANTED** and that Plaintiff's Motion to Appoint Counsel be **DENIED.** The Court further **RECOMMENDS** that this case be **DISMISSED**.

**I. BACKGROUND**

Plaintiff alleges that, in the course of a meeting with Defendant Gregory Pence, Defendant disclosed "classified information" from a "closed door" congressional hearing. Pl.'s Compl. at 2, ECF No. 1. Plaintiff further alleges that this disclosure caused him "to be in an insecure situation and added tremendous responsibility" to him, and that Defendant's disclosure

1

put the United States' national security in jeopardy. *Id.* Plaintiff seeks the punishment of Defendant for violating 18 U.S.C. § 798 and for committing treason against the United States. *Id.* at 4.

## II. DISCUSSION

First, Plaintiff claims to have no income in his application for in forma pauperis ("IFP") status, making payment of the filing fee impractical. *See* ECF No. 2. Thus, the Court grants Plaintiff's application for IFP status. The Court, however, directs the Clerk of the Court to await further order from the Court before issuing summons.

Once IFP status is conferred, 28 U.S.C.A. § 1915(e)(2)(B)(i) allows dismissal of an action if it is frivolous. *See* 28 U.S.C.A. § 1915(e)(2)(B)(i). A complaint is frivolous if it "lacks an arguable basis either in fact or in law." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law if it is "based on an indisputably meritless legal theory." *Id.* at 327.

Generally, private citizens cannot enforce criminal statutes in civil actions. *See Ali v. Shabazz*, 8 F.3d 22 (5th Cir. 1993). Section 798 of Title 18 is a criminal statute that provides no private right of action, and thus Plaintiff cannot enforce this statute in the present civil case. *See Heard v. U.S. Dept. of State*, 2010 WL 3700184, at *5 (D.D.C. Sept. 17, 2010) (dismissing civil allegation of violation of 18 U.S.C. § 798). Further, no private right of action exists for treason. *See Hebert v. U.S.*, 2021 WL 1522185, at *3 (W.D. La. April 16, 2021). Thus, Plaintiff's claims are based on meritless legal theories and should be dismissed as frivolous.

Finally, Plaintiff is not entitled to appointed counsel. A plaintiff in a civil case has no general right to appointment of an attorney. *Pennington v. Tex. Highway Dep't.*, 990 F.2d 627 (5th Cir. 1993). Instead, the plaintiff bears the burden of persuading a court of the necessity of

such an appointment. *Caston v. Sears, Roebuck and Co.*, 556 F.2d 1305, 1310 (5th Cir. 1977). Plaintiff provides no information whatsoever detailing the necessity of an appointment. *See* Pl.'s Mot. Appoint Counsel. Further, the undersigned recommends dismissing Plaintiff's Complaint, obviating the need for counsel.

### III.     ORDER and RECOMMENDATION

For the reasons explained above, the Court **ORDERS** Plaintiff's Motion to Proceed In Forma Pauperis (ECF No. 2) be **GRANTED. IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 3) be **DENIED.** Finally, the Court **RECOMMENDS** that this case be **DISMISSED**.

### IV.     OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150-53; *Douglass*, 79 F.3d at 1415.

**SIGNED this 2nd day of February, 2022**.

_____
JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE